**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ALONZO M. HOYE,**                                                                              **PLAINTIFF**

**V.**                                                                                   **NO. 4:07CV044-M-B**

**LOLA NELSON, et al.,**                                                                         **DEFENDANT**

**OPINION DISMISSING CLAIMS**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about a Rule Violation Report (RVR), he received for assaulting a corrections officer. He alleges that the RVR was based on false information. Plaintiff wants the RVR expunged from his record and monetary damages. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). The Plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the state's failure to adhere to its own regulations does not rise to the level of a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154 (5th Cir. 1986), *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir. 1986), *Giovanni v. Lynn*, 48 F.3d 908 (5th Cir. 1995).

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving*

*v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). Additionally, Plaintiff has not alleged the requisite physical injury that must accompany any § 1983 claim for damages. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Therefore, Plaintiff has failed to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Hoye is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of May, 2007.

                                               /s/ Michael P. Mills
                                               **UNITED STATES DISTRICT JUDGE**